[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PROTECTIVE ORDER
WHEREAS, defendant, DaimlerChrysler Corporation, has represented that certain documents produced or to be produced pursuant to discovery requests in this case are confidential,
IT IS HEREBY ORDERED:
1. The defendant, DaimlerChrysler Corporation, may designate as subject to this Protective Order certain documents to be produced in response to pending discovery requests. Such documents, and the information contained in such documents may only be disclosed in accordance with the terms and conditions of this Protective Order.
2. All documents or categories of documents produced or disclosed by the defendant DaimlerChrysler Corporation during pretrial discovery which DaimlerChrysler Corporation in good faith believes to contain information which should be subject to this Order shall be designated as "Confidential," either by placing the word "Confidential" on the front page of the document and/or by informing counsel for the receiving party by letter that the documents are "Confidential." Deposition testimony or portions thereof may be designated "Confidential" on the record of the deposition or by letter to all counsel CT Page 8075 mailed within twenty (20) days after receipt of the deposition transcript by counsel for DaimlerChrysler Corporation.
3. After a document has been designated as "Confidential" pursuant to paragraph 2 hereof, plaintiffs' counsel may file a Statement of Denial asserting that certain documents designated as "Confidential" by DaimlerChrysler Corporation do not contain trade secrets, confidential research, development, commercial information, or any other sensitive information which would justify the "Confidential" designation. The Statement of Denial shall list the specific documents or categories of documents contested by the plaintiffs' counsel.
4. Either plaintiffs or DaimlerChrysler Corporation may request a hearing concerning the documents listed in the plaintiffs' Statement of Denial. At such hearing DaimlerChrysler Corporation shall have the burden of making a "good cause showing" as required by § 13-5 of the Practice Book and case law thereunder demonstrating the justification for the entrance of an order restricting the use of specific documents or particular categories of documents.
5. If the court finds after such hearing that DaimlerChrysler Corporation has designated as "Confidential" documents that are clearly not entitled to such designation, then it may impose the appropriate sanctions on DaimlerChrysler Corporation.
6. All documents which DaimlerChrysler Corporation designates as "Confidential" shall be accorded confidential status until such time as the court determines the actual confidentiality of any contested documents after hearing as set forth in paragraph 4 hereof.
7. Except with the prior written consent of counsel for DaimlerChrysler Corporation, the information and documents subject to this Protective Order may be shown or disclosed only to the following persons:
a. Counsel of record in this action;
b. Actual employees of counsel of record in this action;
 c. Independent experts and consultants retained by counsel of record in this action whose assistance is deemed necessary CT Page 8076 for the prosecution or defense of this action, and employees of such experts and consultants, provided that no such disclosure shall be made to any person employed by a competitor of DaimlerChrysler Corporation; and
 d. Other attorneys involved in a matter that is similar or related to this action.
8. Any recipient of information or documents subject to this Protective Order is bound by this Protective Order, shall not disclose such information or documents to any other person to whom disclosure is not authorized by the terms of this Protective Order, and shall not use such information or documents for purposes other than as permitted by this Protective Order. Any recipient of such information or documents shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such items in order to ensure that the protected nature of the same is maintained.
9. During the pendency of this action the identity of any individuals who receive or review the documents and information designated as confidential by DaimlerChrysler Corporation shall not be subject to discovery by DaimlerChrysler Corporation, unless discovery is required under § 13-4 of the Practice Book. Provided, however, that if disclosure is to be made to an attorney involved in a matter that is similar or related to this action under paragraph hereof, counsel making such disclosure shall notify counsel for DaimlerChrysler Corporation.
10. In the event that any information or document subject to this Protective Order is included with, or the contents therof ar in any way disclosed in any pleading, motion or other paper filed with the Clerk of this court, such document or information shall be clearly designated as "Confidential — Subject to Seal."
11. In the event that DaimlerChrysler Corporation contends that any document introduced into evidence at trial should be maintained under seal, or any trial testimony should be introduced only in a sealed courtroom, it must request a hearing at which it will have the burden of demonstrating why such contention is legally justified. CT Page 8077
12. Upon termination of this action, all documents furnished by DaimlerChrysler Corporation subject to this Protective Order, together with all copies thereof shall be returned to counsel for DaimlerChrysler Corporation, together with a letter from counsel to whom disclosure was originally made that all such items have been returned.
13. All information and documents previously disclosed by DaimlerChrysler Corporation subject to the Stipulated Interim Protective Order shall, effective as of the date hereof, be made subject to this order.
By the court,
Aurigemma, J.